Nott, J.
Whether the proceedings in this case were regular, according to the laws and practice of the courts of Virginia, was for their courts to determine, and not for this court. But whether the certificate accompanying them is such as to entitle them to be given in evidence in our courts, is for tis to determine. I am of opinion it is not. For, however intimately connected the parties may appear to be', we must consider this record either embracing two cases, one against Moore and the other against Rosseau; or we must consider it as one case against Jones and Rosseau, and not against Jones alone. In either case the certificate is defective; for it does not reach the proceedings against Rosseau at all: it barely, states that the <( foregoing is a true and complete transcript of the record and proceedings had in the suit wherein G. .& C. Lindenberger are plaintiffs, and J. Jones, defendant.” The true construction of which is, that as far as the transcript relates to Jones, it is true ; but so far as the transcript relates to Rosseau, whp is the only defendant in this court, it is unsupported by any evidence. The motion, therefore, must be refused.
Grimke, Smith, Bay and Brevard concurred.
*745 Colcock, J.
1 cannot conceive that it is proper 1 . . . . . to nou-suit the plaintiff in this case; for it is clear that the judgment was obtained against the defendant Rosseau as well as Jones, and the omission of the clerk to call it a judgment against Rosseau, does not alter the judgment: perhaps it may be customary for the clerks of the Virginia courts to certify in this way. As the suit appears to be carried on against both in the same proceedings, it might lead to this mode of expression. At all events, the exemplification is, in my opinion, in conformity with the requisites of the act of Congress. I am, therefore, in favour of the motion.